UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JUDY JENSEN, | : | |
| Plaintiff, | : | NO. 3:05 CV 1295 (MRK) |
| v. | : | |
| AT&T CORPORATION, | : | |
| Defendant. | : | |

## RULING AND ORDER

Pending before the Court are Plaintiff Judy Jensen's Motions for Reconsideration of Judgment [doc. # 88] and/or for New Trial [doc. # 93]. Following a jury trial, on August 14, 2007, a jury returned a verdict against Ms. Jensen and in favor of Defendant AT&T Corporation on all of Ms. Jensen's claims, which were as follows: (1) gender discrimination under Title VII; (2) age discrimination under the Age Discrimination in Employment Act ("ADEA"); and (3) retaliation under Title VII and the ADEA. The Court entered Judgment [doc. # 87] on the jury's verdict on August 15, 2007. Ms. Jensen was represented by counsel during the trial, but following the jury's verdict she effectively discharged her counsel and has proceeded on the pending motions *pro se*.

Ms. Jensen asks the Court to set aside the jury's verdict and grant a new trial of her claims under Rules 59(a) and 60(b) of the *Federal Rules of Civil Procedure*.[1] The basis for Ms. Jensen's

---

[1] In her Reply [doc. # 98], Ms. Jensen also invokes Rule 61, but that rule concerns harmless error and is not itself a basis for seeking relief from a judgment. Ms. Jensen cannot and has not moved under Rule 50 because she did not move for judgment as a matter of law before submission of the case to the jury. *See, e.g.*, *Holmes v. United States*, 85 F.3d 956, 962 (2d Cir. 1996) ("Together, Rules 50(a) and (b) limit the grounds for judgment n.o.v. to those specifically raised in the prior motion for a directed verdict.") (quotation marks omitted).

motion may generally be described as follows: (1) crucial evidence was not submitted to the jury due to her lawyers' errors; (2) the jurors were confused over the Court's instructions; and (3) the evidence was insufficient to support the jury's verdict.

"In ruling on a Rule 59 motion, a court makes the same type of inquiry as on a motion for judgment as a matter of law, but imposes a less stringent standard." *Palma v. Pharmedica Commc'ns, Inc.*, No. 3:00CV1128(HBF), 2003 WL 22750547, at \*14 (D. Conn. Sept. 30, 2003) (citing *Katara v. D.E. Jones Commodities, Inc.*, 835 F.2d 966, 970 (2d Cir. 1987) and *Newmont Mines Ltd. v. Hanover Ins. Co.*, 784 F.2d 127, 132 (2d Cir. 1986)). "A district court should grant a new trial motion if it is convinced that the jury has reached a seriously erroneous result or that the verdict is a miscarriage of justice." *United States v. Landau*, 155 F.3d 93, 104 (2d Cir. 1998) (quotation marks omitted); *see also Katara*, 835 F.2d at 970; *Martin v. Westport*, No. 3:02CV1395(MRK), 2005 WL 39138, at \*1 (D. Conn. Jan. 4, 2005). As this Court explained in *Svege v. Mercedes-Benz Credit Corp.*, No. 3:01CV1771(MRK), 2004 WL 2377485 (D. Conn. Sept. 28, 2004):

> Absent a showing of clear error or manifest injustice, it will generally be appropriate to deny relief pursuant to Rule 59 since litigants should neither be required nor without good cause permitted to relitigate already-decided matters. In short, "Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'"

*Id.* at \*3 (citations omitted) (quoting *Sequa Corp. v. GBJ Corp.*, 159 F.3d 136, 144 (2d Cir. 1988)); *see also Lorusso v. Borer*, No. 3:03CV504(MRK), 2006 WL 473729, at \*15 (D. Conn. Feb. 28, 2006). Unlike on a motion for judgment as a matter of law under Rule 50, however, the trial judge considering a Rule 59 motion for a new trial may weigh the evidence and need not view the evidence in the light most favorable to the verdict winner. *Manley v. AmBase Corp.*, 337 F.3d 237, 244-45

(2d Cir. 2003). Furthermore, a court may grant a new trial under Rule 59 even if there is substantial evidence to support the jury's verdict. *Id.* at 244.

Having carefully considered Ms. Jensen's arguments, the Court is not convinced that the jury was confused in any way (the jury never indicated any confusion) and not convinced that the jury's verdict was erroneous or that the trial represented a miscarriage of justice. It is apparent to the Court that Ms. Jensen believes passionately in her claims and also believes firmly that the jury had no basis to reject them. But the fact that Ms. Jensen believes very sincerely that the jury had no basis to reject her claims is not a sufficient reason to grant a new trial under Rule 59.

Each side presented the jury with evidence in support of their respective positions. The jurors listened carefully to the evidence presented, the testimony of the witnesses, the arguments of counsel and the instructions from the Court. They then assessed the credibility of each witness and worked their way through the verdict form in a systematic and consistent fashion, resolving all questions against Ms. Jensen. The Court believes that the jurors followed the Court's instructions and rendered a just and true verdict on the evidence without regard to the consequences of their verdict. In the Court's view, there was more than sufficient evidence to support the jury's verdict. With all due respect to Ms. Jensen, there is simply no basis under Rule 59 to set aside the jury's hard work and their considered judgment of the facts.

Ms. Jensen also pursues relief from the judgment against her under Rule 60(b) and also alleges in her Reply that defense counsel engaged in "deception and lies." *See* Reply [doc. # 98]; Fed. R. Civ. P. 60(b) ("[T]he court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake . . .; (2) newly discovered evidence which by due diligence could not have been discovered . . .; (3) fraud . . . ,

misrepresentation, or other misconduct of an adverse party; . . . or (6) any other reason justifying relief . . . ."). The Second Circuit has indicated "that since 60(b) allows extraordinary judicial relief, it is invoked only if the moving party meets its burden of demonstrating 'exceptional circumstances.'" *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1142 (2d Cir. 1994) (citation omitted). This is because "[t]he court must balance a party's interest in pursuing the merits of its claims against society's interest in finality." *Travelers Cas. & Sur. Co. v. Crow & Sutton Assocs.*, 228 F.R.D. 125, 128 (N.D.N.Y. 2005) (paraphrasing *Kotlicky v. U.S. Fid. & Guar. Co.*, 817 F.2d 6, 9 (2d Cir.1987)); *see also Lorusso*, 2006 WL 473729, at *12. The party seeking relief from judgment thus has an onerous standard to meet.

This case does not present exceptional circumstances warranting relief under Rule 60(b). As indicated above, there were no irregularities or mistakes during trial that warrant relief from the judgment. Furthermore, insofar as Ms. Jensen's comments about defense counsel are concerned, the Court wishes to make it absolutely clear that there is no basis whatsoever for her claim that defense counsel engaged in any improper conduct, let alone "deception or lies." Ms. Jensen has apparently convinced herself of this unfounded assertion by deciding for herself which witnesses were credible and which were not. But, it is not for Ms. Jensen to determine the credibility of witnesses. That task is the exclusive province of the jury, and the jury properly performed that task in this case. Therefore, the Court finds that there was no misconduct by defense counsel that would permit relief from judgment under Rule 60(b).

Finally, Ms. Jensen's complaints about the performance of her own counsel do not provide a basis for relieving her of the judgment. If, as she is, Ms. Jensen is dissatisfied with her counsel's conduct of this case, she has recourse to procedures to pursue her claims against counsel. But

relieving her from the judgment under Rule 60(b) is not an available remedy for her dissatisfaction with counsel she retained to represent her in this case. *See United States v. Coven*, 662 F.2d 162, 176 (2d Cir. 1981) (no Sixth Amendment right to effective counsel in civil cases); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 634 (1962) ("[E]ach party is deemed bound by the acts of his lawyer-agent . . . ."). Nor does any of the evidence Ms. Jensen relies upon appear to be "newly discovered" within the meaning of Rule 60(b). *See Lorusso,* 2006 WL 473729, at *6 ("The case law requires that a movant provide specific examples of the attempts, if any, undertaken to locate the evidence at an earlier date.") (internal quotations and citations omitted); 11 Charles Alan Wright, Arthur R. Miller & Mary K. Kane, Federal Practice & Procedure § 2859, at 303-04 (2d ed. 1995) ("The rule speaks of 'due diligence,' and the moving party must show why he did not have the evidence at the time of the trial or in time to move under Rule 59(b).").

Accordingly, the Court DENIES Plaintiff Judy Jensen's Motions for Reconsideration of Judgment [doc. # 88] and/or for New Trial [doc. # 93]. **The Clerk is directed to close this file.**

IT IS SO ORDERED

/s/      Mark R. Kravitz
United States District Judge

**Dated at New Haven, Connecticut: October 23, 2007.**